NO. 07-04-0230-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 8, 2005

_____

ROSE YOUNG,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404,531; HON. JIM BOB DARNELL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Rose Young appeals her convictions for manufacturing and possessing with intent to deliver a controlled substance. Through her sole issue, she contends that the trial court erred in refusing to grant her motion for new trial based on newly available evidence. We affirm the judgment of the trial court.

Whether the trial court erred in refusing to grant a new trial based upon the existence of new evidence depends upon whether it abused its discretion. *Keeter v. State*,

74 S.W.3d 31, 37 (Tex. Crim. App. 2002). Additionally, to secure a new trial on the grounds here involved, the movant must establish that the evidence was 1) previously unknown or unavailable, 2) unknown or unavailable for reasons other than the lack of due diligence on the part of the movant, 3) admissible and not merely cumulative, corroborative, collateral or impeaching, and 4) probably true and probably would result in a different outcome. *Id.* at 36-37; *Drew v. State*, 743 S.W.2d 207, 226 (Tex. Crim. App. 1987). Finally, it must be remembered that courts should proceed cautiously in granting new trials on the basis that new evidence has been obtained since motions of that ilk are not favored. *Drew v. State*, 743 S.W.2d at 225-26. With that said, we turn to the dispute before us.

The purportedly new or previously unavailable evidence consists of testimony that appellant knew nothing of the controlled substance being made in or present at her abode. Furthermore, this testimony was to come from her husband, who had been tried and convicted for the activity resulting in appellant's conviction. After being convicted, he became willing to exculpate his wife by attesting that he allowed a friend to manufacture the substance at appellant's residence without appellant's knowledge. Yet, appearing of record is a presentence investigation report. In it, appellant admitted to knowing that her husband allowed a friend to visit their abode and that the friend wanted to make a "'batch,'" though appellant "did not realize" that items were in the house with which the controlled substance could be made. We note the patent inconsistency between appellant's statement that she knew her husband had a friend over to make a "'batch'" and her husband's statement that she knew nothing of the cook.

Moreover, the admission by appellant that she knew of her husband's conduct tends to negate the argument that the evidence he deigned to reveal after his conviction was

2

either unknown by or unavailable to appellant. Indeed, knowing of the circumstances, she could have disclosed them at trial by testifying herself. Moreover, had she so testified, then the comments of her husband could be likened to mere corroboration of her statements. Thus, the trial court had ample basis upon which to conclude that appellant failed to satisfy either the first or third elements of *Keeter* and *Drew*, as stated above. *See Drew v. State*, *supra* (rejecting the contention that the statements of a third party were newly available or discovered because though the declarant may not previously have been available, his statements that Drew was uninvolved were "certainly known to the appellant at the time of trial").

In short, we 1) conclude that the trial court did not abuse its discretion in overruling the motion for new trial, 2) overrule the issue, and 3) affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.

3